### COHEN v. HABERMAN.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

CONTRACTS—ACTIONS—DEFENSES—MUTUAL MISTAKE.

Plaintiff and defendant had been partners, and defendant purchased the business, accounts, and bills receivable, specifically including all rights to indemnity against defalcations of a certain bookkeeper. The cash on hand and in bank was to be equally divided. There was no examination of the account books at the time, but it was subsequently discovered that the bookkeeper had forged the firm's indorsement on checks received from customers in payment of bills. Forty-five hundred dollars of the amount was recovered by defendant from bondsmen and the bank which cashed the checks, and plaintiff sought to recover one-half the sum. *Held*, that there was no mutual mistake, and plaintiff could not recover.

Scott, J., dissenting.

Action by Ricka Cohen against Joseph Haberman on an agreed statement of facts. Judgment for defendant.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Joseph M. Proskauer, for plaintiff.
Benno Lewinson, for defendant.

HOUGHTON, J. The parties submit their controversy pursuant to section 1279 of the Code of Civil Procedure, and by their stipulated facts show that plaintiff and defendant had been partners for several years, when defendant purchased the good will, stock, fixtures, accounts, and bills receivable for a stipulated price. The dissolution and transfer agreement provided that cash in bank and on hand, however, should be equally divided. The ordinary business account books had been kept by the firm, but no accounting or trial balance was had on the dissolution and purchase. The cash was divided, the dissolution agreement executed, and the consideration paid, and some months thereafter the defendant caused an examination of the account books to be made by an expert accountant, and it was discovered that a bookkeeper employed by the firm had, prior to the dissolution, forged the indorsement of the firm to certain checks sent to it by customers in payment of bills and converted the money to his own use. The aggregate of these forgeries was $5,600, which on the books was credited as having been paid to the firm by the various customers whose checks the bookkeeper had thus appropriated. Neither plaintiff nor defendant knew, until such examination was made, of this larceny of the funds of the firm. The bookkeeper was under bonds to a limited

amount, and from his bondsman and from the bank which cashed the checks the defendant realized the sum of $4,500. The plaintiff demanded one-half of this amount, which the defendant refused to pay, and the parties submit the question of her right to recover.

We are of the opinion that the plaintiff cannot recover. The $4,-500 which the defendant succeeded in collecting because of the defalcation cannot be considered cash on hand which was to be divided equally. The rights of the firm arising out of the defalcation were choses in action and claims against the forger and his bondsman and the bank which illegally cashed the forged checks. If the defalcation had not occurred, the firm would have been richer by its amount, and, doubtless, the defendant would have been obliged to pay a larger sum for the plaintiff's half interest, or there would have been more cash on hand to divide. This circumstance does not give the plaintiff the right to recover, however, for she sold to the defendant all accounts and bills receivable of the firm, as well as its other assets, for a lump sum, and specifically assigned to defendant all right to the indemnity held against defalcations of the dishonest bookkeeper. There was no examination of the account books, and hence there can be no claim of mutual mistake with respect to the various amounts paid by customers on account or which remained due from them. Had there been an examination of the accounts due the firm and the bills receivable, and had the parties made a mutual mistake respecting them, the plaintiff very likely would have been entitled to relief upon that ground from the bargain which she made. If, too, there had been a mutual mistake in counting up the money which was to be equally divided, the plaintiff would be entitled to a correction of that mistake and to her rightful share. There was no examination, however, and the stipulated facts do not show that the defendant had superior knowledge or suppressed any facts or improperly induced an acceptance of the purchase money or an assignment of rights under the indemnity bond. Without any examination of the books, the defendant bought all the accounts, good and bad, much or little, including the good will and stock and fixtures of the partnership, and paid a lump sum for them, satisfactory to plaintiff. By such a purchase he bought, and the plaintiff sold, all that was due to the firm from any source, which included claims against the bookkeeper as well as against others arising out of his dishonest acts. It would be doing violence to the stipulated facts to regard the claim for the stolen money as cash on hand.

The plaintiff does not ask to be relieved from her contract of dissolution and sale because of mutual mistake. She demands only a division of the amount which the defendant realized from the indebtedness which arose in favor of the firm because of the defalcation of its bookkeeper.

We see no ground upon which recovery can be ordered for her, and we therefore direct that judgment be entered for defendant, with costs.

INGRAHAM, McLAUGHLIN, and CLARKE, JJ., concur.

SCOTT, J. (dissenting). The language of the dissolution agreement and of the assignment by plaintiff to defendant of all of her in-

terest in the copartnership assets is undoubtedly sufficient to cover the claims of the firm upon whoever might be liable for the bookkeeper's defalcations. Still I do not think that that amount should be held to have been within the lines of these documents, because it is conceded that both partners were ignorant of the defalcations, and the amount thereof could not have been within their intentions when they agreed to the dissolution. There was clearly a mutual mistake of fact, and ex æquo et bono the defendant should not profit by it.

